**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JIMMY DAVIS #51030,**                                                       **PLAINTIFF**

**V.**                                                                **NO. 4:05CV161-P-B**

**MYRON HALL (C. O.) &
E. LEE (Warden, Unit 32)**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

On December 7, 2005, the *pro se* plaintiff, Jimmy Davis, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is currently confined at the Mississippi State Penitentiary in Parchman, Mississippi. The Complaint alleges he was assaulted by Myron Hall, a corrections officer, on March 17, 2005. He states Hall assaulted him while he was in leg restraints and handcuffs because plaintiff had reported some things Hall had done. He goes on to claim that Warden Lee later hit him and cursed at him, knowing that plaintiff had been assaulted by Hall earlier. Plaintiff claims he fears for his life because Hall is still allowed to supervise him.

At the *Spears* hearing, plaintiff testified the assault occurred while Hall was escorting him down a stairwell to a meeting with a case manager. At a point on the stairwell out of view of security cameras, Hall began to punch and kick plaintiff, who was defenseless in shackles. Plaintiff said Hall asked him why he was filing so much "paperwork" against him. Plaintiff

further reports that Hall sprayed mace in his face.  There were no witnesses to the incident.

Plaintiff also said when he went to Warden Lee to report the incident, Lee cursed at him and told

him he didn't care.  Plaintiff's medical records presented at the *Spears* hearing indicate that he

was seen at the facility clinic for complaints of a sore arm as a result of an altercation with an

officer.

The undersigned finds that on the face of the Complaint, plaintiff has stated a claim for

assault and battery against Myron Hall.  However, in light of the testimony that there were no

witnesses to the incident and clinic records reflect no injury, it would be a waste of judicial

resources to allow the claim to proceed.  Furthermore, the Prison Litigation Reform Act (PLRA)

enacted a new statutory provision, 42 U.S.C. § 1997e(e), which provides that:  No Federal civil

action may be brought by a prisoner confined in a jail, prison or other correctional facility for

mental or emotional injury suffered while in custody without a prior showing of physical injury.

The PLRA created a statutory bar to recovery for mental and/or emotional damages unless the

plaintiff alleges a physical injury.  *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999); *see

also* 42 U.S.C. § 1997e(e) (West 1999).  Accordingly, Plaintiff is not entitled to recover

compensatory damages based on his asserted Eighth Amendment claim even if he were able to

establish that the actions of defendants violated the Amendment. Therefore, it is my

recommendation that plaintiff's Complaint be dismissed for his failure to state a claim pursuant

to 42 U.S .C. § 1983.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained.  The

parties are warned that any such objections are required to be in writing and must be filed within

ten days of this date.  Failure to timely file written objections to the proposed findings,

conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 8th day of December, 2005.


**/s/   Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**